IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAIN MICHAEL, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br>v.<br><br>FAIRLIFE, LLC, MIKE MCCLOSKEY, and SUE MCCLOSKEY,<br><br>         Defendants. | Case No. 1:19-cv-03924<br><br>Judge Robert M. Dow, Jr. |

**JOINT STATUS REPORT**

Plaintiff ("Plaintiff") Alain Michael and Defendants fairlife, LLC, Mike McCloskey, and Sue McCloskey (together "Defendants"), collectively through their respective counsel of record, hereby submit the following Joint Status Report pursuant to Fed. R. Civ. P. 26(f) and Standing Order Regarding Initial Status Reports for Cases Assigned to Judge Robert M. Dow, Jr.:

**A.  Attorneys of Record**

 Counsel for Plaintiff

   L. Timothy Fisher (Admission *Pro Hac Vice* forthcoming)
   Yeremey Krivoshey (Admission *Pro Hac Vice* pending)
   Frederick J. Klorczyk III
   Bursor & Fisher, P.A.
   1990 North California Boulevard, Suite 940
   Walnut Creek, CA 94596
   Telephone: (925) 300-4455
   Email: ltfisher@bursor.com
      ykrivoshey@bursor.com
      fklorczyk@bursor.com

   Scott Bursor (Admission *Pro Hac Vice* forthcoming)
   Bursor & Fisher, P.A.
   2665 S. Bayshore Dr., Suite 220
   Miami, FL 33133-5402
   Telephone: (305) 330-5512
   Email: scott@bursor.com

<span>Michael J McMorrow
McMorrow Law, P.C.
One North LaSalle Street, 44th Floor
Chicago, IL 60602
Telephone: (312) 265-0708
Email: mike@mjmcmorrow.com</span>

Counsel for Defendant fairlife, LLC

Gabor Balassa
Allison A. Ray
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Email: gabor.balassa@kirkland.com
 allison.ray@kirkland.com

Robyn Eileen Bladow
Kirkland & Ellis LLP
333 South Hope Street, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 680-8634
Email: rbladow@kirkland.com

Counsel for Defendants Mike McCloskey and Sue McCloskey

Mark S. Mester
Johanna Spellman
Robert C. Collins III
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: mark.mester@lw.com
 johanna.spellman@lw.com
 robert.collins@lw.com

**B.    Basis for Federal Jurisdiction**

This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d) because Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous Class members who are citizens of states other than Defendants' states of citizenship.

<span>2</span>

C.  **Nature of the Claims and Procedural Posture**

**Plaintiff's Position**

Plaintiff asserts a putative class action against Defendants for falsely and deceptively labeling, packaging, and/or marketing its milk products sold under the "fairlife" brand name ("Milk Products"), including through an express "promise" of extraordinary care and comfort for the animals that produce the products. Compl. ¶ 1. But Defendants' promise is a sham. In fact, Defendants' cows are systematically abused and tortured. Plaintiff paid a tangible increased cost for Defendants' Milk Products, which were worth less than represented because Defendants' representations concerning their humane treatment of animals were not true and highly misleading. Plaintiff purchased the Milk Products in reliance on Defendants' misrepresentations. Plaintiff seeks relief in this action individually, and on behalf of all purchasers of Defendants' Milk Products. Plaintiff asserts the following claims: (i) fraud; (ii) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*; (iii) violation of various state consumer fraud acts[1]; (iv) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; (v) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (vi) violation of California's False Advertising Law, California Business & Professions Code §§ 17500, *et seq.*; and (vii) unjust enrichment.

---

[1] California (Cal. Bus. & Prof. Code § 17200, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Illinois (815 Ill. Comp. Stat. 505/1, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. § 407.010, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New York (N.Y. Gen. Bus. Law §§ 349, 350, *et seq.*); and Washington (Wash. Rev. Code § 19.86.010, *et seq.*).

On June 11, 2019, Plaintiff Michael and his undersigned counsel filed the first nationwide action against Defendants in the Northern District of Illinois (the "*Michael* Action"). Subsequently, three related cases making substantially identical allegations were filed: *Schwartz, et al. v. Fairlife, LLC*, No. 1:19-cv-3929 (N.D. Ill.) (the "*Schwartz* Action") was filed on June 12, 2019, in the Northern District of Illinois; *Salzhauer, et al. v. Coca-Cola Company and Fairlife, LLC*, No. 1:19-cv-2709-MHC (N.D. Ga.) (the "*Salzhauer* Action") was filed on June 13, 2019, in the Northern District of Georgia; and *Sabeehullah, et al. v. Fairlife, LLC, et al.*, No. 2:19-cv-222 (N.D. Ind.) (the "*Sabeehullah* Action") was filed on June 17, 2019, in the Northern District of Indiana. On July 9, 2019, the *Schwartz* Action was reassigned from Judge John Robert Blakey to Judge Robert M. Dow, Jr., and the plaintiffs in the *Michael* and *Schwartz* Actions have been working together and intend on filing a consolidated complaint.

On June 21, 2019, plaintiffs in the *Salzhauer* Action petitioned the Judicial Panel on Multidistrict Litigation ("JPML") for an order transferring the four related actions to the United States District Court for the Northern District Georgia, or, alternatively, to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings. Plaintiffs in the Sabeehullah Action have requested that the JPML transfer all of the cases to the Northern District of Indiana. Plaintiffs in the *Michael* and *Schwartz* Actions jointly opposed the motion as premature, and alternatively requested that the JPML transfer the actions to the Northern District of Illinois before this Court for pretrial proceedings. All defendants agree that the JPML should transfer the actions to the Northern District of Illinois (only the McCloskey defendants are open to consolidation in the Northern District of Georgia or the Northern District of Illinois). According to the *Michael* and *Schwartz* Plaintiffs, the decision to engage the JPML for only four actions before exploring available alternatives is procedurally

improper and believe that the Motion should be denied on that ground alone. The JPML has not yet determined whether it will set the matter for a hearing.

Should the JPML deny transfer pursuant to 28 U.S.C. § 1407 in its entirety, Plaintiff anticipates moving to intervene in the *Salzhauer* and *Sabeehullah* Actions for either a stay pursuant to the first-filed rule, or, in the alternative, for a transfer of those actions to the Northern District of Illinois. Plaintiff also anticipates filing a motion for appointment of interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3) immediately following the JPML's ruling on consolidation.

### **fairlife's Position**

Plaintiff Michael is a California resident who alleges that certain representations in the advertising and labeling of Milk Products are false and misleading and violate various consumer protection laws. *Michael* was the first-filed complaint.

Three related cases assert similar consumer fraud claims based on Defendants' representations about animal care. In *Schwartz, et al. v. Fairlife, LLC*, No. 1:19-cv-03929 (N.D. Ill.), the next-filed lawsuit, plaintiffs Andrew Schwartz and Alice Vitiello, allege violations of state consumer protection laws, as well as unjust enrichment, on behalf of a putative nationwide class of consumers. On fairlife's motion, filed July 3, 2019, the *Schwartz* action was reassigned to this Court, pursuant to Local Rule 40.4. *Michael* ECF No. 18; *Schwartz* ECF No. 15.

In *Salzhauer, et al. v. Coca-Cola Company and Fairlife, LLC*, No. 1:19-cv-02709 (N.D. Ga.), the third-filed lawsuit, Eliana Salzhauer sued fairlife and Coca-Cola, making essentially the same allegations and advancing similar legal theories (though under different states' laws), also on behalf of a purported nationwide consumer class.

In the last of the lawsuits, *Sabeehullah, et al. v. Fairlife, LLC, et al.*, No. 2:19-cv-00222 (N.D. Ind.), residents of Indiana, California, Virginia, Michigan, and Kentucky likewise purported to sue on behalf of putative statewide classes for alleged violations of state consumer protection laws.

Plaintiff alleges mistreatment of animals by a few employees at one of the many dozens of farms which supply milk to fairlife. Plaintiff is mistaken in suggesting these were "*Defendants'* cows" (emphasis added), and pleads no facts that remotely suggest the cows at any of the third-party farms that supply fairlife "are systematically abused and tortured." The alleged acts of a handful of rogue employees (at one supplier) who allegedly violated farm policies do not render fairlife's representations about animal care false. Plaintiff faces other insurmountable challenges on issues of reliance, causation, and damages, and Plaintiff's proposed class cannot satisfy the requirements for certification under Rule 23.

The *Salzhauer* plaintiffs have petitioned the Judicial Panel on Multidistrict Litigation ("JPML") for an order, under 28 U.S.C. § 1407, consolidating and transferring the four related actions to the Northern District Georgia, or, alternatively, to the Northern District of Illinois. Defendants fairlife and Coca-Cola favor consolidation in the Northern District of Illinois, given the first two cases were filed here; the principal defendant, fairlife, is headquartered here; Chicago is centrally located for the parties; and this Court has demonstrated itself to be one of the most capable in managing multidistrict litigation.[2] Defendants Mike and Sue McCloskey, have expressed a preference for either this Court or the Northern District of Georgia.

---

[2] As the number of MDL proceedings assigned to a single judge may be relevant to the JPML's determination, based on a review of the docket and pleadings in *In re Fluidmaster, Inc.*, Case No. 1:14-cv-10250 (N.D. Ill.), Defendants have advised the JPML of our understanding that the lawsuits comprising that MDL proceeding have concluded.

Although plaintiffs in this action and in *Schwartz* opposed the motion as premature, both have requested, in the alternative, transfer to this Court. Only the *Sabeehullah* plaintiffs have requested transfer to the Northern District of Indiana. The JPML has not set the matter for a hearing.

### **The McCloskeys' Position**

Plaintiff's claims and allegations regarding the care and treatment of animals are false, inaccurate and in critical respects grossly exaggerated. Of the many producers relied upon by fairlife for the production of milk products during the proposed class period, Plaintiff alleges that only one of dozens of such producers allowed the practices addressed in Plaintiff's Complaint, and those practices are only alleged to have occurred at one of the facilities of that producer for a small fraction of the proposed class period. As a result, only an exceedingly small number of putative class members could purport to allege any damages at all, and identification of those few class members who could properly even attempt to make such a claim would necessarily require individualized determinations that would be scarcely feasible, let alone manageable. Moreover, the reasons why individual class members purchase milk products supplied by fairlife vary considerably, making the allegations made by Plaintiff regarding his purchasing decisions idiosyncratic at best and scarcely representative of the proposed class as a whole.

As such, the proposed class cannot begin to meet the requirements for certification of Fed. R. Civ. P. 23. Commonality and predominance are plainly lacking, and class treatment would not be remotely manageable. Likewise, potential questions exist regarding adequacy of representation vis-à-vis Plaintiff as well as Plaintiff's counsel.

fairlife and the McCloskeys both support transfer and consolidation of all pending cases to this Court, but in contrast to the position taken by Plaintiff's counsel, fairlife and the

McCloskeys believe that the requirements of Section 1407 have been satisfied and that the pending motion before the JPML should be granted. See Michael and Schwartz Plaintiffs' Mem. (JPML Dkt. #17), In re Fairlife Milk Products Marketing and Sales Practices Litig., MDL No. 2909 (J.P.M.L.); fairlife's Mem. (JPML Dkt. #18) at 1, 6-12; McCloskeys' Mem. (JPML Dkt. #19) at 4-5.

**D.    Service of Process**

All parties have been served.

**E.    Principal Legal and Factual Issues:**

As a general matter, the Parties expect the legal and factual issues in this case will include: (a) whether the Milk Products are misbranded; (b) whether the labeling, marketing and promotion of the Milk Products is false, misleading, and fraudulent; (c) whether Plaintiff relied on the statements at issue and whether those statements caused Plaintiff any injury; (d) whether Plaintiff suffered damages and the quantum of his purported losses, (e) whether the proposed class can be certified under Rule 23; and (f) whether Plaintiff and the putative class are entitled to relief.

**F.    Jury Demand**

Plaintiff's Class Action Complaint includes a jury demand.

**G.    Discovery**

To date, no discovery has been served by any party. The Parties intend on delaying discovery until after the JPML rules on consolidation. However, Plaintiff anticipates seeking discovery regarding, among other things: (i) Defendants' sale and revenue information, including the identities and number of people who have purchased Defendants' Milk Products, the retailers and wholesalers that distribute and sell the Milk Products in the U.S., and the number of units of the products sold in the United States; (ii) the content of Defendants' advertisements, product

labels, and marketing materials concerning the Milk Products; (iii) information concerning the distribution and manufacture of the Milk Products; (iv) information concerning Defendants' policies, procedures, and practices regarding their treatment of animals; (v) any complaints, investigations, lawsuits, or government inquiries into Defendants' practices regarding animal welfare; (vi) and information concerning the treatment of cows at all of Defendants' supplier farms.

Defendants believe that initial discovery efforts should be focused on the class issue and the question of whether any of Plaintiff's claims are properly amenable to class treatment, including such merits-related issues as inform the class issue, such as (i) Plaintiff's awareness of the advertisements, product labels, and marketing materials concerning the Milk Products; (ii) Plaintiff's decision-making related to his purchase(s) of the Milk Products; and (iii) information concerning Plaintiff's claims of damages. Full discovery on the merits can then occur once a decision has been made on the class issue.

**H.     Trial**

The Parties have not ascertained a date for trial, and acknowledge that doing so would be premature at this time.

**I.     Consent to Proceed Before a Magistrate Judge**

The Parties do not unanimously consent to proceed before a Magistrate Judge.

**J.     Status of Settlement Discussions**

The Parties have not engaged in any settlement discussions to date. The Parties, however, would be amenable to private mediation following the JPML's ruling on consolidation.

**K.     Scheduling Conference**

The Parties respectfully request that the Court reset the case management conference until 30 days after the date that the JPML issues an order regarding whether to consolidate and

transfer the related actions. At that point, the Parties will update the Court regarding the JPML ruling, propose dates for pretrial motions, discovery, and trial, and update the Court regarding anticipated motion practice and potential for settlement.

Dated: July 19, 2019          **BURSOR & FISHER, P.A.**

By: */s/ Frederick J. Klorczyk III*

Frederick J. Klorczyk III
Yeremey Krivoshey (*Pro Hac Vice* pending)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: fklorczyk@bursor.com
      ykrivoshey@bursor.com

*Counsel for Plaintiff Alain Michael*

Dated: July 19, 2019          **KIRKLAND & ELLIS LLP**

By: */s/ Gabor Balassa*

Gabor Balassa
Allison A. Ray
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Email: gabor.balassa@kirkland.com
      allison.ray@kirkland.com

Robyn Eileen Bladow
Kirkland & Ellis LLP
333 South Hope Street, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 680-8634
Email: rbladow@kirkland.com

*Counsel for fairlife, LLC*

| | |
|---|---|
| Dated: July 19, 2019 | **LATHAM & WATKINS LLP** |
| | By: /s/ *Mark S. Mester* |
| | Mark S. Mester<br>Johanna Spellman<br>Robert C. Collins III<br>Latham & Watkins LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Telephone: (312) 876-7700<br>Facsimile: (312) 993-9767<br>Email: mark.mester@lw.com<br>          johanna.spellman@lw.com<br>          robert.collins@lw.com |
| | *Counsel for Mike McCloskey and Sue McCloskey* |