**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: FAIRLIFE MILK PRODUCTS MARKETING AND SALES PRACTICES LITIGATION** | MDL No. 2909 <br><br> Master Case No. 19-cv-3924 <br><br> Judge Robert M. Dow, Jr. <br><br> This Document Relates To All Cases |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Co-Lead Interim Class Counsel for Plaintiffs in this MDL ("Plaintiffs")[1] and Defendants fairlife, LLC, Mike McCloskey, Sue McCloskey, The Coca-Cola Company, and Select Milk Producers, Inc. (collectively, "Defendants") jointly submit this Proposed Stipulated Protective Order Regarding Confidentiality ("Order"). For good cause shown, and pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c)(1), it is hereby ORDERED:

1.    **Scope.** All materials produced or adduced in the course of discovery, regardless of the medium or manner in which they are generated, stored, or maintained, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (collectively "documents") shall be subject to this Order concerning "Confidential Information" and "Highly Confidential Information" as defined below. This Order

---

[1] Eight actions were transferred to this Court: *Michael v. fairlife, LLC et al.*, No. 1:19-cv-3924 (N.D. Ill.); *Schwartz v. fairlife, LLC*, No. 1:19-cv-3929 (N.D. Ill.); *Sabeehullah v. fairlife, LLC, et al.*, No. 2:19-cv-00222 (N.D. Ind.); *Abowd v. fairlife, LLC, et al.*, No 1:19-cv-04009 (S.D. Ind.); *Salzhauer v. The Coca-Cola Company, et al.*, No. 1:19-cv-02709 (N.D. Ga.); *Henderson v. The Coca-Cola Company, et al.*, No. 1:19-cv-11953 (D. Mass.); *Ngai v. fairlife LLC, et al.*, No. 2:19-cv-08148 (C.D. Cal.); and *Olivo v. The Coca-Cola Company, et al.*, No. 2:19-cv-08302 (C.D. Cal.). Co-Lead Counsel are presently preparing the Consolidated Class Action Complaint due to be filed on or before June 25, 2020.

is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information.**  As used in this Order, "Confidential Information" means information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by a party or non-party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Highly Confidential Information.**  As used in this Order, "Highly Confidential Information" means information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a party or non-party based on the belief that the information is so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual business, commercial, financial, competitive, or other market advantage over others; and (iii) its disclosure to existing or potential business competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the designating party or non-party.

4.      **Designation.**

        **i.**      A party or a non-party may designate Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere

with the legibility of the document. A party or a non-party may designate Highly Confidential Information by placing or affixing the words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document and on all copies in the same manner.

      **ii.** Any electronic, visual, or other document not on paper that contains Confidential Information or Highly Confidential Information shall be designated on the exterior surface of the container or object that contains the non-paper document. In addition, the designating party or non-party shall use its best efforts to affix the designation to any electronic, visual, or other medium so that the legend is visible while the document is being viewed.

      **iii.** All parties recognize that native format documents cannot be so marked, and thus, to the extent native format documents are produced, the designating party or non-party will affix the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the slip sheet produced with the native file.

      **iv.** As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information or Highly Confidential Information. The marking to designate a confidentiality status shall be applied prior to or at the time the documents are produced or disclosed. Applying a confidentiality marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked with a confidentiality status shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of Confidential Information or Highly Confidential Information are not required to be marked.

    **v.**  The designation of a document as Confidential Information or Highly Confidential Information is a certification by the designating party or non-party that he, she, or it reasonably believes that the document contains Confidential Information or Highly Confidential Information as those terms are defined in this order.

    **5.**  **Depositions.** Unless all parties agree on the record at the deposition, all deposition testimony taken in this case shall be treated as Highly Confidential Information.  The Highly Confidential Information designation shall expire, for any non-designated portions of deposition testimony, in accordance with the following:  No later than the thirtieth day after the transcript is delivered to any party or the witness, or in no event later than 60 days after the testimony was given (whichever is greater).  A party may serve a Notice of Designation to all parties of record and the court reporter as to specific portions of the testimony that shall remain designated as Confidential Information or Highly Confidential Information before the expiration of this time period.  Thereafter only those portions of testimony identified in the Notice of Designation shall be protected by the terms of this Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Highly Confidential Information unless otherwise ordered by the Court.  Failure to serve a timely Notice of Designation shall not waive any Confidential Information or Highly Confidential designations of documents used during the deposition.

    **6.**  **Protection of Confidential Material.**

    **i.**  **General Protections.** Confidential Information and Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraphs (ii) or (iii) for any purpose whatsoever other than this litigation, including any appeal thereof.  In this putative class action, Confidential Information and

Highly Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class that includes the putative class member to whom disclosure is sought has been certified.

        **ii.**     **Limited Disclosures: Confidential Information.**  Neither the parties nor their respective counsel shall disclose or permit the disclosure of any Confidential Information to any person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        **1)**    **Counsel.**  Counsel for the parties and employees of counsel who have responsibility for the action, including but not limited to in-house counsel and contract attorneys hired for review purposes;

        **2)**    **Parties.**  The parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

        **3)**    **The Court and its personnel**;

        **4)**    **Mediators.**  Mediators engaged by the parties for purposes of attempting to resolve claims in this action.

        **5)**    **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

        **6)**    **Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

7) **Consultants and Experts.** Consultants, or experts retained by the parties or their respective counsel to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A;

8) **Witnesses.** During or in preparation for depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge;

9) **Authors or Recipients.** The author(s) or recipient(s) of the document (not including a person who received the document in the course of litigation);

10) **Identified Persons.** Any person who is referenced in the document or whose conduct or knowledge is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct or knowledge is identified or referenced, such person has completed the certification contained in Attachment A to this Order, and such disclosure is not restricted by Paragraphs 6(iv) and (v) hereto; and

11) **Others by Consent.** Other persons only by written consent of the party or non-party who produces or discloses information in this case ("Producing Party") or upon order of the Court and on such conditions as may be agreed or ordered.

iii. **Limited Disclosures: Highly Confidential Information.** Only the following categories of persons may be allowed to review Highly Confidential Information:

1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action, including but not limited to in-house counsel and contract attorneys hired for review purposes;

2) **Party Designees.** One party representative for each party to be designated by each party to assist that party's counsel in prosecuting or defending this case, but only after such persons have completed the certification contained in Attachment A and otherwise as not restricted in particular by Paragraphs 6(iv) and (v) hereto.

3) **The Court and its personnel**;

4) **Mediators.** Mediators engaged by the parties for purposes of attempting to resolve claims in this action.

5) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

6) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

7) **Consultants and Experts.** Consultants, or experts retained by the parties or their respective counsel to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A;

8) **Witnesses.** Witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, and at least one of the following conditions applies: (i) the witness is currently employed or was

employed by the designating party or non-party at the time that the document designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" was created; (ii) the attorney taking the deposition and showing the document designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" represents the designating party; (iii) the witness' name appears on the document as a person who has previously seen or had access to the document or it is otherwise established that the witness has previously seen or had access to the document or knows the information contained in it; or (iv) the designating party or non-party has consented on the record at the deposition to showing the witness the document. If the witness meets none of those requirements, the questioning attorney must notify the designating party or non-party of the intent to show the document to a witness and provide the designating party or non-party with an opportunity to object by motion or telephone call to the Court before disclosure is made or, at trial or pretrial hearings, present a copy of the document at issue to counsel for the designating party or non-party prior to use and permit such counsel an opportunity to object to the Court before the document is shown to the witness.

    **9)**   **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

    **iv.**   **Non-Disclosure to Outside Organizations.** Notwithstanding any other provision herein, including the foregoing subparagraphs of this Paragraph 6, Confidential Information and Highly Confidential Information shall not be shared with (1) Animal Recovery Mission, or anyone associated therewith, (2) any other entity, group or organization, or anyone associated therewith, that has conducted an onsite investigation of a Defendant or a farm supplying milk used in fairlife products in connection with the alleged abuse at issue in this or any other action, except as is consistent with the access to a Defendant or farm afforded to a member of the

general public or as may be permitted by Federal Rule of Civil Procedure 34, or (3) any other animal rights entity, group or organization, or anyone associated therewith, except as permitted by Paragraphs 6(ii)(1), 6(ii)(7), 6(iii)(1) and 6(iii)(7) and not otherwise prohibited by Paragraphs 6(iv)(1), 6(iv)(2) or 6(v), and only after such entity or person (other than counsel) has completed the certification contained in Attachment A.  In light of their ethical duties, counsel of record shall not be prohibited from accessing Confidential Information or Highly Confidential Information pursuant to Paragraph 6(iv)(2) to the extent counsel of record has previously conducted an onsite investigation of a Defendant or a farm supplying milk in fairlife products.  If Plaintiffs or their counsel retain an expert that they believe or have any good faith reason to believe may not be entitled to access Confidential Information or Highly Confidential Information, Plaintiffs shall raise the issue with Defendants prior to providing access to any Confidential Information or Highly Confidential Information, and the parties shall meet and confer in good faith regarding the proposed disclosure to Plaintiffs' proposed expert.  If Plaintiffs' proposed expert has not conducted an onsite investigation of a Defendant or a farm supplying milk used in fairlife products that relates in any way to dairy cows, Plaintiffs' shall be permitted to share Confidential Information or Highly Confidential Information with that expert to the extent otherwise permitted by the terms of this Order, including but not limited to Paragraph 6(ii)(7) or Paragraph 6(iii)(7).  If the parties are not otherwise able to reach an agreement after they have met and conferred, Plaintiffs shall be entitled to raise the dispute with the Court.

        **v.**      **Non-Disclosure to Competitors.**  Notwithstanding any other provision herein, including the foregoing subparagraphs of this Paragraph 6, Confidential Information and Highly Confidential Information shall not be shared with any competitor of a Defendant or anyone who is employed by, works for or is consulting for a competitor of a Defendant.

       **vi.**    **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and Highly Confidential Information. Counsel shall maintain the copies of Attachment A signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

       **7.**    **Use of Producing Party's Documents**. This Order shall not (a) prevent any Producing Party from using or disclosing its own Confidential Information or Highly Confidential Information as he, she, or it deems appropriate; (b) preclude any party from showing an employee, officer, or consultant of a Producing Party at a deposition of that employee, officer, or consultant any information provided by the Producing Party that produced such information; or (c) preclude or limit any party from the lawful use of any information lawfully obtained from a source other than the Producing Party consistent with the terms of this Order.

       **8.**    **Inadvertent Failure to Designate**. An inadvertent failure to designate a document or deposition transcript as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document or deposition transcript. If a party designates a document or deposition transcript as Confidential Information or Highly Confidential Information, or changes a designation (*e.g.*, from Confidential to Highly Confidential) after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document or deposition transcript is treated in accordance with its new designation and the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure

to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

9. **Increasing the Designation of a Party's Materials Produced by Another Party or Non-Party.** A party may increase the confidentiality designation (*i.e.*, change the designation of any discovery material without any designation to a designation of "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER," or change material with a designation of "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" to "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY") of protected material produced by any other party or non-party, provided that (a) said material contains the Confidential Information or Highly Confidential Information of the party seeking to increase the confidentiality designation; and (b) the Producing Party was not authorized to receive that information, or received it in circumstances where it had an obligation to protect its confidentiality, including but not limited to obligations imposed by a commercial relationship or by a protective order. Any such increase in the designation of a document shall be made within ninety (90) days of the date of its production, unless good cause is shown for a later increase in the designation. Increasing a designation shall be accomplished by providing written notice to all parties identifying (by bates number or other individually identifying information) the material for which the designation is to be increased. Promptly after providing such notice, the party seeking to increase the confidentiality designation shall provide re-labeled copies of the material to each other party, reflecting the change in designation. All parties will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any party may object to the increased designation pursuant to the procedures set forth in Paragraph 14 regarding challenging designations.

10. **Unauthorized Disclosure or Use.** If a party learns that he, she, or it or his, her, or its counsel, officers, directors, employees, consultants, experts, or other agents have disclosed documents designated Confidential Information or Highly Confidential Information in any circumstance not authorized under this Order, that party must within five (5) business days of learning of such disclosure (a) notify the designating party or non-party of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information, (c) use reasonable best efforts to retrieve all copies of the protected materials disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (e) request that each such person execute the certification contained in Attachment A to this Order.

11. **Filing of Confidential Information or Highly Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information or Highly Confidential Information in connection with a motion, brief, or other submission to the Court must comply with the Court's standing orders and the applicable Local Rules.

12. **No Greater Protection of Specific Documents.** Except on privilege or work-product grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

13. **Third Parties.** The parties conducting discovery of third parties shall make available a copy of this Order to a third party served with a subpoena or discovery request. Third parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests.

**14.** **Challenges by a Party to Designation as Confidential Information or Highly Confidential Information.** If a party disagrees with the designation of any document as Confidential Information or Highly Confidential Information, the party shall notify the designating party or non-party in writing. The notice shall identify the document in question and specify in reasonable detail the reason or reasons for the disagreement. Counsel shall confer in good faith in an effort to resolve any dispute regarding the designation. If the objection cannot be resolved by agreement within twenty-one (21) days of the date of service of the written objection, the party challenging the designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party or non-party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential Information under the terms of this Order. As such, neither party shall publicly file the documents with contested designations nor describe them in a manner that would reveal the challenged information unless and until the Court overturns the designation. In the event the designation is overturned, the designating party or non-party shall cause the confidentiality legend or redaction to be removed from such documents within fourteen (14) days following entry of the Court's order.

**15.** **Action by the Court.** As described in this Order, applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**16.     Use of Confidential Information or Highly Confidential Information at Trial.**
Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential Information or Highly Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Highly Confidential Information to categories of persons not identified in Section 6 of this Order.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or hearing.

**17.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation or Investigation.**

**i.**     If a receiving party is served with (1) a subpoena or a court order issued in other litigation, or (2) a formal written request made pursuant to state or federal law or other statutory authority by a state or federal law enforcement or regulatory entity, like a Civil Investigative Demand or its equivalent (a "Government Request"), that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the receiving party must so notify the designating party or non-party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena, court order, or Government Request.  Such notification must include a copy of the subpoena, court order, or Government Request.

**ii.**     The receiving party also must immediately, and in no event more than three (3) court days after receipt, inform in writing the party who caused the subpoena, court order, or Government Request to issue that some or all of the material covered by the subpoena or order is

the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the person or entity that caused the subpoena, court order, or Government Request to issue.

        **iii.**      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party or non-party in this case an opportunity to try to protect its Confidential Information or Highly Confidential Information by seeking the assistance of this Court and/or the court from which the subpoena or order issued or as part of any governmental investigation.  The designating party or non-party shall bear its burden and the expense of seeking protection from this Court or any other court or government authority for its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information or Highly Confidential Information designated by another party to this case.

      **18.**      **Challenges by Members of the Public to Sealing Orders.**  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

      **19.**      **Protection of Privileges.**

        **i.**      Pursuant to Federal Rule of Evidence 502(d), the production (whether inadvertent or not) of any document or information that could have been withheld, in whole or in part, based on a claim of attorney-client privilege, work-product protection and/or any other applicable privilege or protection ("Disclosed Privileged Material") shall not result in the waiver

or forfeiture of any applicable privilege or protection, nor result in a subject matter waiver of any kind, in this or any other action, proceeding or investigation.

        **ii.**      Accordingly, the provisions in Federal Rule of Evidence 502(b) will not apply to the disclosure of documents in this action, other than to a knowing and intentional disclosure of Disclosed Privileged Material. However, if for any reason a Court finds that Rule 502(d) is inapplicable, then Rule 502(b) of the Federal Rules of Evidence will apply in its absence.

        **iii.**      **Notice of Disclosed Privileged Material.** If a party or non-party determines that it has produced Disclosed Privileged Material, the disclosing party or non-party shall, within fourteen (14) calendar days of making such determination, provide written notice to all counsel of record and identify the Disclosed Privileged Material (by date of production and production number or range, if applicable) ("Disclosure Notice").

        **iv.**      Any party or non-party that receives a Disclosure Notice must (a) immediately cease reviewing and using the Disclosed Privileged Material; and (b) within fourteen (14) calendar days of receipt of the Disclosure Notice, (i) return or destroy all copies of the Disclosed Privileged Material; (ii) upon request of the disclosing party or non-party, provide to the disclosing party or non-party a certification of counsel that all of the Disclosed Privileged Material has been returned or destroyed; and (iii) notify any party or non-party to whom the receiving party has provided the Disclosed Privileged Material that he, she, or it must comply with the obligations set forth in this Paragraph 19, including, upon request of the disclosing party or non-party, to provide to the disclosing party or non-party a certification of counsel that all of the Disclosed Privileged Material has been returned or destroyed.

v.      Nothing in this Order is intended to create an obligation for a party to conduct a privilege review of the materials another party produces in discovery.  However, if a party identifies material that appears on its face to be Disclosed Privileged Material belonging to another party or non-party, the identifying party is under a good-faith obligation to notify that other party or non-party.  Such notification shall not waive the identifying party's ability to subsequently contest any assertion of privilege or protection with respect to the identified material.  If the party or non-party to which the Disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that party or non-party shall provide a Disclosure Notice within fourteen (14) calendar days of receiving such notification.

vi.      **Contesting a Claim of Privilege or Protection.**  A party wishing to contest a claim of privilege or protection asserted under Paragraph 19 of this Order (the "Contesting Party") shall, within fourteen (14) calendar days of receipt of the Disclosure Notice, provide written notice to the disclosing party or non-party of each such claim it is contesting (the "Contestation Notice").  Any Contestation Notice shall expressly refer to this Paragraph 19 of this Order, and shall describe the basis for the contestation.  The disclosing party or non-party shall, within fourteen (14) calendar days of receiving a Contestation Notice, respond in writing by either (i) agreeing to withdraw the claim of privilege or other protection or (ii) stating the reasons for such claim.  If the Contesting Party continues to dispute the claim(s) at issue, it shall notify the disclosing party or non-party in writing within fourteen (14) calendar days thereafter. The parties shall attempt to resolve each contestation in good faith by conferring directly.  A Contesting Party may proceed to the next stage of the contestation process only if he, she, or it has engaged in this meet-and-confer process in a timely manner.

vii.     If the relevant parties or non-parties cannot resolve a contestation without court intervention, the Contesting Party may, within a reasonable time after reaching impasse, move the Court for an order withdrawing the designation as to the specific claims on which the Contesting Party and the disclosing party or non-party could not agree ("Contestation Motion"). Such Contestation Motion must be filed under seal in accordance with the local rules.

viii.    The disclosing party or non-party retains the burden, upon contestation, of establishing the applicability of the claimed privilege or protection and bears the burden of making the Disclosed Privileged Material available to the Court for in camera review, if required.

ix.      Documents or material protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or protection ("Privileged Material") may not be filed in the public record in this action.

x.       **Depositions.**  If, during a deposition, a party or non-party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains its Privileged Material, that party or non-party may at his, her, or its sole election (a) allow the document to be used during the deposition without waiver of his, her, or its claim of privilege or protection or (b) instruct the witness not to answer questions concerning the parts of the document containing Privileged Material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material.  If the party or non-party allows the examination concerning the document to proceed on a non-waiver basis, the parties and any non-parties shall sequester all copies of the purportedly privileged or protected document.  Immediately following the deposition, the parties and any non-parties will commence the procedure outlined in Paragraph 19 (as applicable), to address the claim of privilege or other protection and any related disputes.  Until any such

disputes are resolved, all parties and non-parties who have access to the transcript of such deposition shall treat the relevant portion of the transcript as Privileged Material. If any party or non-party instructs the witness not to answer questions concerning the document on grounds of privilege, the parties will cooperate in promptly following the procedures outlined in Paragraph 19 (as applicable).

        **xi.**    The parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Paragraph 19.

        **xii.**    This Order does not preclude a party from voluntarily waiving any claims of privilege or protection. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a party uses privileged or protected information to support a claim or defense or when a party uses Privileged Material during a deposition without following the procedures in Paragraph 19(x) above. This paragraph does not preclude a party from arguing that waiver was made under any applicable rule of law.

    **20.**    **Obligations on Conclusion of Litigation.**

        **i.**    **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal, and the Court shall retain jurisdiction to enforce the Order.

        **ii.**    **Obligations at Conclusion of Litigation.** Within sixty-three (63) days after the final termination of this litigation by settlement and dismissal or entry of final judgment not subject to further appeal, all parties in receipt of Confidential Information or Highly Confidential Information, including copies as defined in ¶ 4(iv), shall use reasonable efforts to return those materials to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the

extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the Producing Party that it has done so. Notwithstanding the foregoing, nothing herein shall require any party or their respective counsel to locate, return, or delete any information from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations or commingled with other such material. Back-up storage systems or media will not be restored for purposes of returning or destroying Confidential Information or Highly Confidential Information, and nothing herein shall require any party or their respective counsel to incur unreasonable costs.

**iii. Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (2) copies of all documents filed with the Court including those filed under seal, correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), and expert reports. Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Information.

**iv. Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

21. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

22. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

23. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED.**

Date: July 8, 2020

_____
ROBERT M. DOW, JR.
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: FAIRLIFE MILK PRODUCTS MARKETING AND SALES PRACTICES LITIGATION** | MDL No. 2909 |
| | Master Case No. 19-cv-3924 |
| | Judge Robert M. Dow, Jr. |
| | This Document Relates To All Cases |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I have read the Stipulated Protective Order Regarding Confidentiality dated _____, 2020 ("Order") in the above-captioned action and attached hereto, understand the terms thereof, and agree to be bound by its terms. I submit to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Order and understand that the terms of the Order obligate me to use materials designated as Confidential Information or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm, or concern.

I certify that I am not associated with Animal Recovery Mission, or anyone associated therewith. I certify that I am not associated with any other entity, group or organization, or anyone associated therewith, that has conducted an onsite investigation of a Defendant or a farm supplying milk used in fairlife products in connection with the alleged abuse at issue in this or any other action, except as is consistent with the access to a Defendant afforded to a member of the general public or as may be permitted by the rules governing this litigation. I further certify that I am either: (1) not associated with any other animal rights entity, group or organization, or anyone associated therewith; (2) that I am an employee of counsel who has responsibility for the action,

including but not limited to in-house counsel and contract attorneys hired for review purposes; or

(3) I have been retained as an expert consultant by one of the parties or their respective counsel to

assist in the preparation and trial of this action. I further certify that I am not engaged in business

as or for a competitor of any Defendant. If, at any time after I execute this Acknowledgement and

Agreement to Be Bound and during the pendency of the action, one of the foregoing certifications

is or becomes no longer true and accurate, I will promptly inform the attorneys for the party who

retained me in this action, and I will not thereafter review any Confidential Information or Highly

Confidential Information unless and until the Court in the action orders otherwise.

     I acknowledge that violation of the Confidentiality Order may result in penalties for

contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____          _____
                                            Signature