**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: FAIRLIFE MILK PRODUCTS MARKETING AND SALES PRACTICES LITIGATION** | ) ) MDL No. 2909 ) ) Master Case No. 1:19-cv-03924 ) ) Hon. Robert M. Dow, Jr. ) ) This Document Relates To All Cases ) |

## PRELIMINARY APPROVAL ORDER

Named plaintiffs Terri Birt, Carol Cantwell, Debra French, Karai Hamilton, Henry Henderson, Paula Honeycutt, Michelle Ingrodi, Jae Jones, Nabil Khan, Kaye Mallory, Christina Parlow, Cindy Peters, Jenny Rossano, David Rothberg, Eliana Salzhauer, Connie Sandler, Diana Tait, Demetrios Tsiptsis, and, Arnetta Velez, (collectively, the "Named Plaintiffs," and, collectively, with the members of the Settlement Class, the "Settlement Class Members"), on the one hand, and fairlife, LLC ("fairlife"), The Coca-Cola Company ("TCCC"), Select Milk Producers, Inc. ("Select"), Fair Oaks Farms, LLC ("FOF"), and Mike McCloskey and Sue McCloskey ("the McCloskeys") (collectively, "Defendants"), on the other hand, have entered into a Class Action Settlement Agreement and Release entered into as of April 14, 2022 (the "Settlement Agreement") to settle the above-captioned litigation ("Litigation"). The Settlement Agreement, together with its exhibits incorporated herein, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Litigation. Additionally, Class Counsel has filed a Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification, and Approval of Notice Plan Pursuant to Federal Rule of Civil Procedure 23(e)(1).

Having reviewed the Settlement Agreement and its exhibits, the Motion, the pleadings and other papers on file in this action, and statements of counsel, the Court finds that the Motion should be GRANTED and that this Preliminary Approval Order should be entered. Terms and phrases used in this Preliminary Approval Order not otherwise defined herein shall have the same meanings ascribed to them in the Settlement Agreement.

NOW, THEREFORE, THE COURT HEREBY FINDS, CONCLUDES AND ORDERS THE FOLLOWING:

1. For purposes of preliminary approval, this Court assesses the Settlement Agreement under Fed. R. Civ. P. 23(e). Under Rule 23(e)(1)(B), the Court "must direct notice in a reasonable manner" to proposed Settlement Class Members "if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal [as fair, reasonable, and adequate] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

## **Likely Approval as Fair, Reasonable and Adequate**

2. To determine whether the Settlement Agreement is fair, reasonable and adequate, Rule 23(e)(2) directs the Court to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

3. The Settlement Class representatives are adequately representing the proposed Settlement Class: they share the same alleged injury (that they purchased products with allegedly

false or misleading labeling) and the same interest (maximizing recovery). Amy E. Keller of DiCello Levitt Gutzler LLC, Michael R. Reese of Reese LLP, and Melissa S. Weiner of Pearson, Simon & Warshaw, LLP are also adequately representing the proposed Settlement Class.

4. There is no question that the Parties are at arm's length. The Settlement Agreement appears to be the result of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through mediation-related discovery and whose negotiations were supervised by respected class-action mediator the Honorable Wayne R. Andersen (Ret.) of JAMS.

5. The Settlement Agreement provides adequate relief to the proposed Settlement Class. As part of the settlement, Defendants have agreed to pay $21 million dollars to cover Cash Awards, Notice and Administration Costs, Attorneys' Fees and Costs, and Service Awards. From that amount, Settlement Class Members are eligible to receive 25% of their purchase price of Covered Products, up to a maximum Cash Award of $20.00 with no Valid Proof of Purchase and up to a maximum Cash Award of $80.00 with Valid Proof of Purchase for a cumulative Cash Award of $100. In addition, Defendants have agreed to implement significant injunctive relief aimed at animal welfare. If the Settlement Agreement had not been reached, the Parties planned to vigorously litigate this matter, including Defendants' expected motions dismiss as well as class certification, and Plaintiffs' chances at trial also would have been uncertain. In light of the costs, risks and delay of trial and appeal, this compensation is at least adequate for purposes of Rule 23(e)(1).

6. There is no reason to doubt the effectiveness of distributing relief under the Settlement Agreement. As further addressed below, the Parties propose a notice plan, which is detailed in the Declaration of Cameron R. Azari, Esq. on Class Notice Program and Class Notice,

filed concurrently with Plaintiffs' Motion for Preliminary Approval, which the Court finds provides "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).

7. This Court will fully assess the request of Class Counsel for the Attorneys' Fees and Costs and Service Awards after receiving their motion supporting such request. At this stage, the Court finds that the plan to request attorneys' fees and costs to be paid from the Settlement Amount creates no reason not to direct notice to the proposed Settlement Class. In particular, should the Court find any aspect of the requested Attorneys' Fees and Costs unsupported or unwarranted, such funds would not be returned to Defendants, and therefore the Settlement Class would not be prejudiced by directing notice at this time.

8. No agreements exist between the Parties aside from those referred to in the Settlement Agreement and/or submitted to the Court.

9. The Settlement Agreement treats members of the proposed Settlement Class equitably relative to each other because all members of the proposed Settlement Class are eligible for the same award of 25% of their purchase price. These are equitable terms.

10. Having thoroughly reviewed the Settlement Agreement, the supporting exhibits and the Parties' arguments, this Court finds that the Settlement Agreement is fair, reasonable and adequate to warrant providing notice to the Settlement Class, and thus likely to be approved, subject to further consideration at the Final Approval Hearing to be conducted as described below.

11. The Court preliminarily approves the Settlement Agreement subject to the Fairness Hearing for purposes of deciding whether to grant final approval to the Settlement. This determination permitting notice to the Settlement Class is not a final finding, but a determination that there is probable cause to submit the proposed Settlement Agreement to the Settlement Class

Members and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement

## Likely Certification of Settlement Class

12. The Court assesses the likelihood that it will be able to certify the proposed Settlement Class under Rules 23(a) and 23(b)(3) (because this Settlement Class seeks damages). *See* Fed. R. Civ. P. 23(a)-(b). The Court makes this assessment for the purposes of settlement only at this time.

13. The proposed Settlement Class is sufficiently numerous under Rule 23(a)(1) because there are at least thousands of estimated purchasers of the Covered Products.

14. Resolution of the Litigation would depend on the common answers to certain common questions, including whether Defendants engaged in deceptive or misleading marketing techniques.

15. Plaintiffs' claims are typical of the claims of the members of the proposed Settlement Class because they challenge the same conduct—product labeling—and make the same legal arguments. Typicality under Rule 23(a)(3) is satisfied.

16. The proposed Settlement Class representatives and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class.

17. At least for purposes of settlement, the common issues in the Litigation predominate over individual issues under Rule 23(b)(3). Key elements of Plaintiffs' claims involve the allegedly misleading product labeling.

18. The settlement would be superior under Rule 23(b)(3) to many individual actions. Many, if not most, members of the proposed Settlement Class may not have suffered sufficient damages to justify the costs of expensive litigation. The Settlement Agreement ensures that all Settlement Class Members will have the opportunity to be compensated through cash payments.

19. For these reasons, pursuant to Rule 23, and for settlement purposes only, the Court finds it will likely certify the Settlement Class defined below in paragraph 20 of this Order. This finding is subject to further consideration at the Final Approval Hearing to be conducted as described below.

20. The Court conditionally certifies for settlement purposes only the following Settlement Class:

> All Persons in the United States, its territories, and the District of Columbia who purchased, for personal use and not for resale, any Covered Product on or before the Preliminary Approval Date.

Excluded from the Settlement Class are the following persons:

 i. Defendants and their respective subsidiaries and affiliates, members, employees, officers, directors, agents, and representatives and their family members;

 ii. Class Counsel;

 iii. The judges who have presided over the Litigation;

 iv. Local, municipal, state, and federal government agencies; and

 v. All persons who have timely elected to become Opt-Outs from the Settlement Class in accordance with the Court's Orders.

The Court expressly reserves the right to determine, should the occasion arise, whether Plaintiffs' proposed claims may be certified as a class action for purposes other than settlement, and Defendants hereby retain all rights to assert that Plaintiffs' proposed claims may not be certified as a class action except for settlement purposes.

**Additional Orders and Deadlines**

21. The Court appoints the following attorneys to act as Class Counsel:

Amy E. Keller
DiCello Levitt Gutzler LLC
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602

Telephone: (312) 214-7900

Michael R. Reese
Reese LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

Melissa S. Weiner
Pearson, Simon & Warshaw, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389-0600

22. The Court appoints Named Plaintiffs as representatives of the Settlement Class.

23. The Court appoints Epiq Class Action & Claims Solutions, Inc. as Claims Administrator in accordance with the provisions of Section XI of the Settlement Agreement.

24. The Court approves the Published Notice, the content of which is without material alteration from Exhibit B to the Settlement Agreement and directs that Published Notice be published in accordance with the provisions of the Settlement Agreement.

25. The Court approves the Official Notice, the content of which is without material alteration from Exhibit C to the Settlement Agreement, and directs that Official Notice be distributed in accordance with the provisions of the Settlement Agreement.

26. The Court approves the Claim Form, the content of which is without material alteration from Exhibit A to the Settlement Agreement and directs that the Claim Form be available for request (either by letter, telephone, or email) from the Claims Administrator and downloadable from the Settlement Website as provided in Section XI, Paragraph 9(d) of the Settlement Agreement.

27. The Court approves the creation of the Settlement Website, as defined in Section I, Paragraph 76 of the Settlement Agreement, that shall include, at a minimum, copies of the Settlement

Agreement, the Notice of Settlement, and the Claim Form, and shall be maintained in accordance with the provisions of Section XI, Paragraph 9(d) of the Settlement Agreement.

28. The Court finds that, the Notice Plan memorialized in the Declaration of Cameron R. Azari, Esq. on Class Notice Program and Class Notice, filed concurrently with Plaintiffs' Motion for Preliminary Approval, including the Published Notice and Official Notice (i) is the best practicable notice, (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation and of their right to object or to exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of applicable law.

29. The Court orders the Claims Administrator to file proof of publication of the Published Notice and proof of maintenance of the Settlement Website at or before the Fairness Hearing.

30. The Court orders any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked or submitted online through the claims portal and verified no later than ninety (90) days after the Notice Date to the Claims Administrator at the address on the Notice. The request for exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain the Settlement Class Member's name, address, telephone number, a brief statement explaining the Covered Products the Settlement Class Member purchased to confirm membership in the Settlement Class, and a statement that indicates a desire to be excluded from the Settlement Class. Opt-Outs submitted online must verify the request to exclude via a link sent to the Settlement Class Member who wishes to opt-out prior to the Opt-Out and Objection Date. A Settlement

Class Member may opt out on an individual and personal basis only; so-called "mass" or "class" opt-outs shall not be allowed.

31. The Court enjoins all Settlement Class Members unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.

32. The Court orders that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, becomes an Opt-Out) will be bound by all proceedings, orders, and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

33. The Court orders that each Settlement Class Member who is not an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the

proposed Settlement or to the Attorneys' Fees and Costs must file with the Court and serve on Class Counsel no later than one hundred twenty (120) days after the Preliminary Approval Date, or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

    a.    The objector's full name, address, and telephone number;

    b.    whether the objector is represented by counsel and, if so, contact information for his or her counsel;

    c.    evidence showing that the objector is a Settlement Class Member;

    d.    whether the objection applies to that Settlement Class Member or to a specific subset of the Settlement Class, or to the entire Settlement Class, and state with specificity the grounds for the objection;

    e.    any other supporting papers, materials, or briefs that the objector wishes the Court to consider when reviewing the objection;

    f.    the actual written or electronic signature of the objector making the objection; and

    g.    a statement on whether the objecting objector and/or his or her counsel intend to appear at the Fairness Hearing.

34. Any response to an objection shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing.

35. The Court orders that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the requirements of Paragraph 33 of this order shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

36. The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement Agreement or to the proposed Settlement or to the Attorneys' Fees and Costs will be at the Settlement Class Member's expense.

37. The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement or to the Attorneys' Fees and Costs and who intends to make an appearance at the Fairness Hearing must provide to the Claims Administrator (who shall forward it to Class Counsel and Defense Counsel) and must file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date.

38. The Court orders that any Settlement Class Member who files a written objection and who intends to make an appearance at the Fairness Hearing must file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date.

39. The Court orders the Claims Administrator to establish a post office box in the name of the Claims Administrator to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other communications. The Court further orders that only the Claims Administrator, Class Counsel, Defense Counsel, Defendants, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

40. The Court orders that the Claims Administrator must promptly furnish Class Counsel and Defense Counsel with copies of any and all written requests for exclusion, notices of intention to appear, or other communications that come into its possession, except as expressly provided in the Settlement Agreement.

41. The Court orders that Class Counsel shall file their applications for Attorneys' Fees and Costs and Named Plaintiffs' Service Awards in accordance with the terms set forth in Section XIII of the Settlement Agreement.

42. The Court orders the Claims Administrator to provide Class Counsel and Defendants' Counsel with copies of all requests for exclusion to counsel for the Parties on a weekly basis by email and will provide the Opt-Out List on or before one hundred and forty days (140) after the Preliminary Approval Date.

43. The Court orders that a Fairness Hearing shall be held on **September 28, 2022** at **10:00 A.M.** in person and by remote means[1] before the undersigned to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment.

44. The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Fairness Hearing or at any adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by the counsel for the Settlement Class and Defendants without further notice.

45. All pretrial proceedings in the Litigation are stayed and suspended until further order of this Court.

---

[1] Please check the Settlement Website for instructions to access the hearing remotely.

46. As stated in this Order, and consistent with the Settlement Agreement, the following dates and deadlines shall apply to the approval of this Settlement:

| Date | Deadline |
|---|---|
| 7/21/2022<br>*Preliminary Approval + 85 days* | Deadline to file Motion for Approval of Attorneys' Fees and Costs, and Service Awards and Deadline to file Motion for Final Approval of Settlement |
| 8/25/2022<br>*Preliminary Approval + 120 Days* | Opt-Out and Objection Deadline |
| 9/19/2022<br>*Preliminary Approval + 143 Days* | Parties to provide Opt-Out List to the Court |
| 9/21/2022<br>*7 days before Fairness Hearing* | Deadline to Respond to Objections |
| 9/28/2022<br>at 10:00 A.M. | Fairness Hearing |

Dated: April 27, 2022

Hon. Robert M. Dow, Jr.
U.S. District Judge